[No. 28237. Department Two. March 25, 1941.]

PUBLIC UTILITY DISTRICT NO. 1 OF OKANOGAN COUNTY, *Appellant,* v. WASHINGTON WATER POWER COMPANY *et al., Respondents.*[1]

*Houghton, Cluck & Coughlin* and *E. K. Murray,* for appellant.

*Post, Russell, Davis & Paine* and *H. E. T. Herman,* for respondents.

SIMPSON, J.—This action involves the right of a public utility district to acquire by condemnation certain properties belonging to the Washington Water Power Company.

Public utility district No. 1 of Okanogan county instituted its proceeding in eminent domain to acquire the electrical generation, transmission and distribution properties of the Washington Water Power Company located in Okanogan county, together with a transmission line and a short distribution line situated in Chelan county. The estimated cost of the plan and system for the acquisition of the properties was declared to be two million dollars.

After a trial to the court, a decree was entered to the effect that the property of the company located in Chelan county and certain franchises owned by the company were not for public use and were not a public necessity. The decree also provided for a dismissal of the eminent domain proceedings without prejudice to the right of the district to institute another action for the condemnation of the properties of the company which were located in Okanogan county. The public utility district presents this appeal.

Assignments of error are that the court erred in refusing to overrule respondents' objection to the making of an order adjudicating public necessity and public use; in refusing to make and enter a decree of public use and necessity as requested in the petition in eminent domain; in the making and signing of certain findings of fact; and in entering its judgment denying an order of public use and necessity and dismissing the proceedings in eminent domain.

The pertinent facts may be stated as follows: The Washington Water Power Company is a corporation engaged in the business of generating, transmitting, and distributing electric energy in eastern Washington, and owns as a portion of its system certain

[1]Reported in 111 P. (2d) 591.

720

properties devoted to its business in Okanogan and Chelan counties. Appellant is a public utility district established under the provisions of water power utility district act. Chapter 1, Laws of 1931, p. 3, Rem. Rev. Stat., §§ 11605-11616 [P. C. §§ 4498-11 to 4498-22].

December 21, 1939, the commissioners of appellant district passed a resolution in which it was declared that

"Whereas, Public Utility District No. 1 of Okanogan County, a duly established municipal corporation of the State of Washington (hereinafter called the 'District'), is authorized under Chapter 1, Laws of Washington, 1931, to acquire, by purchase or condemnation, and to construct and operate a public utility for the purpose of furnishing the District and the inhabitants thereof, and any other persons, including public and private corporations, within or without its limits, with electric current for all uses, and, for the purpose of defraying the cost of such public utility and of the plan and system specified and adopted therefor, is authorized to issue and sell utility revenue bonds and to create a special fund or funds for the payment of such bonds and the interest thereon; and

"Whereas, The commission of the District deems it advisable that the District acquire, by purchase or condemnation, and construct and operate such a public utility for such purpose,

"*Now Therefore,* be it resolved by the Commission of the District as follows:

"Section 1. The public interest, welfare, convenience and necessity require the establishment by the District of a public utility for the purpose of furnishing the District and the inhabitants thereof, and any other persons, including public and private corporations, within or without its limits, with electric current for all public uses."

The resolution declared the intention to acquire by purchase or condemnation properties of the Washington Water Power Company, which were used in the generation, transmission, and distribution of electricity, located in Okanogan county, together with certain transmission and distribution lines located in Chelan county.

Included in the property sought to be acquired is a one hundred ten thousand volt transmission line extending from Chelan Falls in Chelan county to Okanogan in Okanogan county. Approximately twelve miles of transmission line is located in Chelan county, south of the Chelan-Okanogan boundary line. No substations which perform the function of transforming electricity from transmission voltage to distribution voltage are located on this transmission line in Chelan county. The first substation on that line is located at Pateros, about seven miles north of the Chelan county line. No objection to the taking of the transmission lines was made by respondents. At the substation located at Pateros electricity is transformed from one hundred ten thousand

volts to approximately thirteen thousand volts for distribution.

A number of distribution lines extend from the Pateros substation. One of these lines extends south from Pateros, a distance of approximately ten miles, the southerly portion, amounting to 3.16 miles, being located in Chelan county. From this 3.16 miles respondent company sold electricity to thirty-three customers, receiving a gross revenue in 1939 of $9,786.20. The cost of the construction of the line is from fifteen hundred dollars to two thousand dollars per mile. The distribution line is not otherwise connected with any other line in Chelan county, and if not taken by the appellant in the condemnation proceedings together with the properties in Okanogan county, it would be necessary to construct approximately twelve miles of new distribution line, including a river crossing, to connect with the existing system of respondent Washington Water Power Company, or construct approximately fifteen and one-half miles of line to connect with the existing distribution system of that company at Chelan Falls.

Appellant also sought to acquire in the eminent domain proceedings all of the franchises of the Washington Water Power Company relating to the transmission and distribution lines sought to be acquired. The franchises include state highway, county and city franchises.

The questions involved in this appeal are: (1) Did the resolution upon which the condemnation was based comply with the statutory provision which requires that it "shall specify and adopt the system or plan proposed and declare the estimated cost thereof as near as may be"; (2) were the franchises of the Washington Water Power Company subject to condemnation; and (3) were the distribution lines of the company situated beyond the territorial limits of the public utility district subject to condemnation by the district?

The portion of the resolution attacked in this case is worded the same as the resolution in the case of *State ex rel. Washington Water Power Co. v. Superior Court, ante* p. 122, 111 P. (2d) 577, in which we held that the resolution was sufficiently specific as to the proposed plan.

The second question, which relates to the right to condemn franchises, was also present in the case to which we have just referred. We there held that the franchises could be acquired by condemnation.

The last question relates to the right of the district to condemn the distribution lines which extend into Chelan county. In the case of *Carstens v. Public Utility Dist. No. 1, ante* p. 136, 111 P. (2d) 583, we were confronted with the same objection and upheld the right of a district to condemn distribution lines lying without the territorial limits of the public utility district. .

We adhere to the holdings in the cases cited.

The judgment is reversed, with instructions to the court to enter an order of public use and necessity.

ROBINSON, C. J., BEALS, and MILLARD, JJ., concur.

JEFFERS, J. (concurring)—I am in accord with the result reached in the majority opinion and I concur in the conclusion reached on the second question herein presented, for the reason announced in my concurring opinion in *State ex rel. Washington Water Power Co. v. Superior Court, ante* p. 122, 111 P. (2d) 577.